[Cite as *Dinardo v. Dinardo*, 2017-Ohio-4379.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| SHARON DINARDO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-L-111** |
| ARMAND DINARDO, et al., | : | |
| Defendant-Appellant. | : | |

Appeal from the Lake County Court of Common Pleas, Domestic Relations Division, Case No. 2007 DR 000611.

Judgment: Affirmed.

*Sharon Dinardo*, pro se, 1588 Ridgewick Road, Wickliffe, OH 44092 (Plaintiff-Appellee).

*Armand Dinardo*, pro se, P.O. Box 19202, Cleveland, OH 44119 (Defendant-Appellant).


THOMAS R. WRIGHT, J.


{¶1} Appellant, Armand Dinardo, appeals the trial court's decision overruling his objections to the magistrate's decision and granting appellee, Sharon Dinardo, a charging order against Armand's membership interest in Genesis Real Estate Holding Group, LLC for $14,477.21, costs, interest, and attorney fees. We affirm.

{¶2} The parties were married, had two children, and ultimately divorced. In 2012, Sharon obtained a judgment against Armand for money he owed to help pay for their children's braces.

{¶3} In September 2015, Sharon filed a motion pursuant to R.C. 1705.19 to charge Armand's membership interest in his limited liability company, Genesis Real Estate Holding Group, LLC, to secure payment of the outstanding $14,477.21 judgment.

{¶4} In response, Armand filed a motion for extension of time and a notice of satisfaction of judgment with an attached agreement dated November 7, 2012 purportedly signed by Sharon. The court first scheduled a hearing in March of 2016, but Armand did not appear. On the date of this hearing, however, Armand filed a supplement to his notice of satisfaction. The hearing was continued until April 8, 2016, and the court ordered Armand to appear and produce the agreement with original signatures.

{¶5} Thereafter, Armand filed a motion to sever and dismiss Genesis as a party. On the day before the April 8, 2016 hearing, Armand filed another motion asking the court to enter final judgment and dismiss Genesis.

{¶6} The hearing was held April 8, 2016 on Sharon's motion and Armand again failed to appear. Sharon testified that she obtained a judgment against Armand for $14,477.21, not paid or satisfied. She denied ever signing the November 7, 2012 agreement.

{¶7} Following hearing, the magistrate issued a charging order against Armand's interest in Genesis. The magistrate concluded in part,

{¶8} "The court finds that defendants' motions are not well-taken. Based on the various pleadings filed by defendant[,] the court has personal jurisdiction over both defendants and it is clear from the pleadings both defendants had actual notice of the motions of plaintiff and the scheduled hearing dates. The various pleadings filed by defendants give the court personal jurisdiction over Armand Dinardo and Genesis Real Estate Holding Group LLC."

{¶9} Armand subsequently filed objections that the trial court overruled.

{¶10} Armand asserts three pro se errors on appeal:

{¶11} "[1] The trial court erred in refusing to dismiss appellee's motion for charging order for failure of service of process and lack of personal jurisdiction.

{¶12} "[2] The trial court erred in refusing to dismiss appellee's motion for charging order for lack of subject matter jurisdiction.

{¶13} "[3] The trial court erred in refusing to dismiss appellee's motion for charging order pursuant to the doctrines of novation or satisfaction."

{¶14} Sharon has not filed an appellate brief.

{¶15} Armand's first assigned error claims the trial court failed to strictly apply R.C. 2303.13 and Civ.R. 4.6(D) and that Sharon did not properly serve him with the motion and summons to commence this post-divorce proceeding. And based upon Sharon's failure to properly commence the proceedings, he also claims that her motion for a charging order against Genesis likewise should be dismissed since Genesis was never a party to the divorce proceedings. However, Armand did not object to the magistrate's decision on this basis.

3

{¶16} His second assigned error argues the trial court lacked subject matter jurisdiction and the authority to consider Sharon's motion for a charging order against Genesis since this does not constitute a "domestic relations matter" under R.C. 3105.011. Armand alleges that Sharon's request is a collateral issue over which the domestic relations court could not proceed. Again, however, Armand did not object to the magistrate's decision on this basis.

{¶17} Matters referred to magistrates are governed by Civ.R. 53. Civ.R. 53(D)(3)(b)(i) provides in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision * * *." However, if a party fails to object on a particular basis, he waives the right to assign the court's adoption of that fact as an error on appeal "[e]xcept for a claim of plain error * * *." Civ.R. 53(D)(3)(b)(iv); *State ex rel. Booher v. Honda of Am. Mfg., Inc.*, 88 Ohio St.3d 52, 53-54, 723 N.E.2d 571 (2000). "The objection process gives the trial court the opportunity to review the Magistrate's Decision, in light of a party's objections. As a result, the trial court may decide to adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the Magistrate with instructions, or hear the matter. Civ. R. 53(E)(4)(b)." *Arthur v. Trimmer*, 5th Dist. Delaware No. 02CA06029, 2003-Ohio-2034, ¶12.

{¶18} Thus, appellant's first and second arguments are waived except for a claim of plain error because Armand failed to object to the magistrate's decision on these bases. Civ.R. 53(D)(3)(b)(iv); *Foos v. Foos,* 6th Dist. Wood No. WD-08-049, 2009-Ohio-3398, ¶19.

**{¶19}** Plain error in civil cases is defined as error that "seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson,* 79 Ohio St.3d 116, 579 N.E.2d 1099, syllabus. Armand does not allege plain error, and we do not perceive any.

**{¶20}** "In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings." *Id.* at ¶121.

**{¶21}** Upon review, we find no manifest injustice in the trial court's proceedings constituting plain error. Accordingly, Armand's first and second assigned errors are overruled.

**{¶22}** His third assigned error claims the trial court should have dismissed Sharon's motion pursuant to the doctrines of novation and satisfaction of judgment. Armand filed a satisfaction of judgment stating the $14,477.21 judgment against him is satisfied with an attached written agreement that purports to bear Sharon's signature. The court subsequently ordered Armand to bring the original agreement with the original signatures to the April 8, 2016 hearing. Armand did not appear.

**{¶23}** The magistrate found that Sharon did not receive payment toward the judgment, which remained unpaid, and that she had not signed the agreement.

5

**{¶24}** Armand objected to the magistrate's decision on this basis, in part, and argued that a transcript of the hearing was not available for him to review and determine what testimony the court relied on in finding that "defendant has paid zero related to the judgment of February 17, 2012."

**{¶25}** Armand did not, however, request a transcript of the hearing. Instead, he submitted his own affidavit in which he avers that he paid Sharon money toward the judgment and that she committed perjury at the hearing. Armand's affidavit, however, is not the type contemplated by Civ.R. 53(D)(3)(b)(iii), which states:

**{¶26}** "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding *or an affidavit of that evidence if a transcript is not available*. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections." (Emphasis added.)

**{¶27}** The type of affidavit referenced in Civ.R. 53(D)(3)(b)(iii) is one consistent with Ohio App.R. 9(C) that allows an appellant to submit an affidavit detailing the relevant evidence presented to a magistrate when a transcript of proceedings is unavailable. "App.R. 9(C) permits an appellant to submit a narrative transcript of the proceedings when a verbatim transcript is unavailable, subject to objections from the

6

appellee and approval from the trial court." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199-200, 400 N.E.2d 384, 386 (1980).

**{¶28}** Armand's affidavit fails to comply with the procedural requirements in App.R. 9(C) and fails to recount all the relevant evidence presented at the hearing. *Gumins v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 10AP-941, 2011-Ohio-3314, ¶16. Armand was not even present at the hearing so as to permit him to personally verify the evidence presented. Further, the trial court emphasizes in its decision overruling Armand's objections that the audio recording of the hearing was not defective and was indeed available.

**{¶29}** Because Armand did not provide a transcript of the hearing or an acceptable substitution to the trial court, the trial court was required to accept the magistrate's findings of fact and determine the legal conclusions based on those facts. *Lesh v. Moloney,* 10th Dist. Franklin No. 11AP–353, 2011–Ohio–6565, ¶11. Faced with appellant's objections and noncompliant affidavit, the trial court decided the matter based on the facts as found by the magistrate, consistent with Civ.R. 53(D)(3)(b)(iii).

**{¶30}** Our review is likewise limited to whether the trial court correctly applied the law to the facts as set forth by the magistrate. *Lesh, supra.* The duty to provide a transcript or affidavit rests with the objecting party. *GMS Mgt. Co., Inc. v. Coultier,* 11th Dist. Lake No. 2005–L–071, 2006–Ohio–1263, ¶ 26. If a complaining party fails to support his factual objections pursuant to Civ.R. 53, he is precluded from arguing factual determinations on appeal. *Sain v. Estate of Haas,* 10th Dist. Franklin No. 06AP–902, 2007–Ohio–1705, ¶23.

{¶31} The trial court rejected Armand's claims of novation and satisfaction of judgment based on Sharon's testimony.

{¶32} "A novation occurs 'where a previous valid obligation is extinguished by a new valid contract, accomplished by substitution of parties or of the undertaking, with the consent of all the parties, and based on valid consideration.' *McGlothin v. Huffman* (1994), 94 Ohio App.3d 240, 244, 640 N.E.2d 598, 601. In order to effect a valid novation, all parties to the original contract must clearly and definitely intend the second agreement to be a novation and intend to completely disregard the original contract obligation. *Citizens State Bank v. Richart* (1984), 16 Ohio App.3d 445, 446, 16 OBR 516, 517-518, 476 N.E.2d 383, 385-386; *Sherwin-Williams Co. v. Glenn Paint & Wall Paper Co.* (App.1927), 6 Ohio Law Abs. 101 (novation is an agreement to release a previous debtor and look only to a subsequent debtor). In addition, to be enforceable a novation requires consideration. *Wilson v. Lynch & Lynch Co., L.P.A.* (1994), 99 Ohio App.3d 760, 651 N.E.2d 1328. A novation can never be presumed. *Citizens State Bank,* 16 Ohio App.3d at 446, 16 OBR at 517-518, 476 N.E.2d at 385-386." *Moneywatch Cos. v. Wilbers*, 106 Ohio App.3d 122, 125, 665 N.E.2d 689, 691 (12th Dist.1995).

{¶33} Whereas a satisfaction of judgment is "[a] document such as an execution enforced by the judgment creditor and indicating that the judgment has been paid." Black's Law Dictionary 934 (Centennial ed.1991).

{¶34} The magistrate found that Sharon did not receive any payments from Armand toward the February 17, 2012 judgment and that she did not sign the November 7, 2012 agreement stating the judgment was satisfied. Accordingly, the trial

court's decision finding a lack of novation and rejecting Armand's claimed satisfaction of judgment is consistent with the magistrate's findings on the issue and is not contrary to law.  Thus, Armand's third assigned error lacks merit.

{¶35}  The trial court's judgment is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.