[Cite as *Spencer v. Spencer*, 2018-Ohio-4277.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| EDWARD SPENCER, | : | **O P I N I O N** |
| Plaintiff-Appellee/<br>Cross-Appellant, | : | |
| | : | **CASE NO. 2017-P-0073** |
| - vs - | : | |
| DAVID SPENCER, | : | |
| Defendant-Appellant/<br>Cross-Appellee. | : | |
| | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2013 CV 00920.

Judgment: Affirmed.

*Douglas K. Paul,* Reitz, Paul & Shorr, 215 West Garfield Road, Suite 230, Aurora, OH 44202 (For Plaintiff-Appellee/Cross-Appellant).

*Craig William Beidler,* One Park Centre, Suite 301, Wadsworth, OH 44281 (For Defendant-Appellant/Cross-Appellee).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, David Spencer ("David"), appeals the judgment of the Portage County Court of Common Pleas adopting the decision of the magistrate, following a trial, finding that David converted funds and various items of personal property belonging to appellee, Edward Spencer ("Edward"). The main issue is whether the trial

court's judgment was against the manifest weight of the evidence. For the reasons that follow, we affirm.

{¶2} On September 18, 2013, Edward filed a complaint against David for conversion. Although the events giving rise to the complaint occurred while David was acting as trustee for the trust of the parties' now-deceased mother, Edward sued David solely in his individual capacity and not as a trustee. Thus, Edward sought recovery from David individually and not from the trust estate. The complaint alleged that David converted $26,000 and various items of personal property from Edward that were solely owned by him or jointly owned by Edward and David. David filed an answer denying the material allegations of the complaint, but did not assert any affirmative defenses or counterclaims. The case proceeded to trial before the magistrate.

{¶3} The parties are brothers and each is in his mid-50s. They were raised by their parents on a farm in Garrettsville. The parties' family farmed the land and the parties and their brothers were involved in farming while growing up. From the time he was eighteen, Edward spent virtually all of his free time helping his father farm.

{¶4} In 1982, David married and moved away from the farm. He built a house near the family farm and got a job. Edward continued to farm the property with his father. Edward married in 1989 and moved into a house next door to David, but continued farming with his father on a full-time basis until his father died in 1999. Thereafter, Edward and his mother maintained the farm until 2008. Edward came over daily and helped his mother with the chores.

{¶5} In or about 2008, the parties' mother's health began to deteriorate. Her eyesight was very poor due to cataracts and macular degeneration and she suffered

from dementia. In 2009, she had a stroke, which made it very difficult for her to speak or move, and, six months later, she passed away.

{¶6} Prior to her passing, the parties' mother created a trust and named David, who was the eldest child, the trustee. For many years, the parties' relationship was highly contentious.

{¶7} Prior to filing this action, Edward attempted to retrieve several items of his solely-owned property, which were being held by David on his property, and attempted to use certain items that were jointly owned by the parties, which were also in David's possession. However, the magistrate found that David refused to return Edward's solely-owned property and refused to allow him to share their jointly-owned property.

{¶8} The magistrate made findings, based on the evidence, regarding Edward's solely-owned property in David's possession, which are summarized as follows:

{¶9} Edward bought a John Deere disc, which is used to smooth land after it has been plowed, for $100. Edward asked David to return it to him, but David said he scrapped it. The trial court found the disc has a value of $100 and found that Edward was entitled to this amount.

{¶10} Edward bought and was the owner of two pressure cookers. He subsequently brought them to his mother's house for her to use. Edward testified that when the house was cleaned out, David had these items. Edward asked for them, but David refused to return them. Edward said they have a value of $100 apiece. David testified he had these pressure cookers, but gave them away. The court found these items have a total value of $200 and found that Edward was entitled to this amount from David.

{¶11} Edward was given four stone crocks by an elderly friend, and Edward also took these items to his mother's house for her to use. After their mother passed, Edward asked David for the crocks, but he did not return them. As with the pressure cookers, David testified he gave these crocks away. The court found the crocks have a total value of $400 to which Edward was entitled from David.

{¶12} The magistrate also made findings regarding the items of personal property that are jointly owned by the parties over which David exerted dominion and control. These findings, and the evidence in support, are summarized as follows:

{¶13} The magistrate found the parties jointly own a double-axle utility trailer, which is used to haul cars. She found that the trailer has a value of $75 and that Edward was entitled to half of its value from David, in the amount of $37.50.

{¶14} The magistrate found the parties also jointly own a single-axle utility trailer, which is used to haul boats. The court found that this trailer has a value of $50 and that Edward was entitled to one-half this amount from David, in the amount of $25. Edward testified that David keeps these two trailers stacked on top of each other behind his barn so that Edward cannot use them.

{¶15} The magistrate found that the parties jointly own a seven-foot scraper blade over which David has exerted control. The magistrate found it has a value of $35 and that Edward was entitled to half this amount, i.e., $17.50, from David. Edward said that David keeps this piece of equipment at his house and only he uses it.

{¶16} The total amount for these items to which Edward is entitled is $780.

{¶17} The magistrate also found that Edward has possession of certain items that are jointly owned by the parties, which the court listed as a Ford tractor, valued at

4

$6,500; an air compressor, valued at $100; a sprayer, valued at $100; a four-wheeler, valued at $700; and two plows, valued at $175. The total value of these items is $7,575.

{¶18} The magistrate found that the parties' father purchased various items of farm equipment, and that these items were to be sold and their sales proceeds distributed pursuant to the trust. These items are a corn picker, a corn planter. a Massey Ferguson tractor, a grain elevator, a running gears, a brush hog, a meat grinder, and an army trailer.

{¶19} The magistrate also found that Edward purchased on his own and is the sole owner of a BN Farmall tractor and a feed grinder.

{¶20} Further, the magistrate made findings regarding the distributive share that Edward was entitled to receive from his mother's trust estate. Based on David's testimony, the magistrate found that after he sold the family farmhouse and his mother's personal property, each of the children, including David and Edward, was entitled to a distributive share in the amount of $26,119 from their mother's trust estate. David maintained a trust bank account, from which he distributed the shares of the trust estate to himself and to each of the siblings, except for Edward. Edward demanded that David give him his distributive share, but David refused. The court found that to date, David has still not distributed Edward's share to him and that, other than the $7,7774 remaining in the trust account, David converted the balance of Edward's share.

{¶21} The magistrate found that Edward's share was properly reduced by $2,800, based on an outstanding loan he owed to his mother; however, the magistrate

found that David improperly made other reductions to Edward's share, which, the magistrate found, was evidence of David's conversion.

{¶22} First, the magistrate found that, in addition to paying himself his full distributive share of the trust funds, David admitted at trial that he paid himself a portion of Edward's share. David said he added to his share one-half of what he thought the parties' jointly-owned property in Edward's possession was worth. While David suggests this amount was roughly $3,800, it is unclear from the record exactly how much David overpaid himself from Edward's share. Regardless of the exact amount, as the magistrate found, David overpaid himself a portion of Edward's trust distribution, which would otherwise have been available to pay Edward his share. Edward never consented to David's unilateral decision to pay himself this additional amount.

{¶23} Second, the magistrate noted that David testified he paid his wife with Edward's trust distribution funds. While David testified he paid her $2,400, he said he does not know exactly what he paid her, when he paid her, or how many times he paid her. While David said he paid her for "clerical work," he failed to present any evidence as to the work she allegedly performed or the hours she allegedly worked.

{¶24} Third, the magistrate noted that David testified he charged Edward for housing cows in their mother's barn and paid the trust for said housing without a contract or consent from Edward, from his portion of the trust funds.

{¶25} Fourth, the magistrate found that David admitted he used Edward's share of the trust proceeds to pay his attorney fees to defend this action, although this suit was against David in his individual capacity and not as a trustee. Thus, the magistrate

6

found that David wrongfully converted $2,250 from Edward's distributive share to pay his attorney fees.

**{¶26}** The magistrate found that David continues to maintain the trust bank account and, as of July 2016, that account only had $7,774 left in it.

**{¶27}** The magistrate recommended that judgment be entered in favor of Edward and against David in the amount of $11,997 as and for David's wrongful conversion of Edward's property. The magistrate also recommended that the $7,774 held by David in the trust bank account be declared to be Edward's property. The magistrate also recommended that the court declare that the joint personal property of Edward and David remain the sole property of the party who currently has possession of said joint personal property.

**{¶28}** The trial court overruled the parties' respective objections and adopted the magistrate's decision in its entirety without modification.

**{¶29}** David appeals the trial court's judgment, asserting three assignments of error. Edward cross-appeals, asserting two cross-assignments of error. For David's first assigned error, he alleges:

**{¶30}** "The trial court committed prejudicial error in awarding plaintiff-appellee, Edward Spencer, sole and exclusive possession of tangible property that he and defendant-appellant, David Spencer, own jointly."

**{¶31}** David argues the court erred in awarding Edward exclusive possession of certain property that was jointly owned by them without compensating David for his joint interest in them. David's argument lacks merit for two reasons.

7

**{¶32}** First and foremost, David failed to raise the magistrate's failure to compensate him as an objection to the magistrate's decision.

**{¶33}** "Matters referred to magistrates are governed by Civ.R. 53." *Dinardo v. Dinardo*, 11th Dist. Lake No. 2016-L-111, 2017-Ohio-4379, ¶17. "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision * * *." Civ.R. 53(D)(3)(b)(i). "However, if a party fails to object on a particular basis, he waives the right to assign the court's adoption of that fact as an error on appeal '[e]xcept for a claim of plain error * * *.'" *Dinardo, supra*, quoting Civ.R. 53(D)(3)(b)(iv). "'The objection process gives the trial court the opportunity to review the magistrate's decision, in light of a party's objections. As a result, the trial court may decide to adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. Civ.R. 53(E)(4)(b).'" *Dinardo, supra*, quoting *Arthur v. Trimmer*, 5th Dist. Delaware No. 02CA06029, 2003-Ohio-2034, ¶12.

**{¶34}** David's first assignment of error is waived, except for a claim of plain error, because he did not object to the magistrate's decision on the basis that the magistrate failed to compensate him for his interest in the parties' joint property.

**{¶35}** "Plain error in civil cases is defined as error that 'seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.'" *Dinardo, supra*, at ¶19, quoting *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus.

**{¶36}** In applying the plain error doctrine in civil cases, appellate courts must proceed with utmost caution, and limit the doctrine to those extremely rare cases where

8

exceptional circumstances require its application to prevent a manifest miscarriage of justice. *Dinardo* at ¶20.

{¶37} David does not allege plain error, and we do not discern any such error. In any event, subtracting $2,800 (the debt owed by Edward to his mother), $7,774 (the amount remaining in the trust and determined to be owned by Edward), and $3,800 (the amount David claims is one-half the value of the jointly-owned property in Edward's possession) from $26,119, the result is $11,745, nearly the amount of the judgment. Thus, the magistrate apparently gave David credit for one-half the value of the parties' joint property in Edward's possession.

{¶38} Upon review, we find no manifest injustice in the trial court's proceedings constituting plain error.

{¶39} Further, as noted above, in his answer, David did not assert any affirmative defenses or counterclaims. Thus, he did not claim he was entitled to or pray for any compensation for his interest in the joint property, any setoff, an equitable division, or a sale of the parties' joint property. For this additional reason, his argument is waived.

{¶40} Accordingly, David's first assigned error is overruled.

{¶41} For his second assignment of error, David contends:

{¶42} "The trial court committed prejudicial error in ordering defendant to pay damages to plaintiff for wrongful conversion of plaintiff's property in the amount of $11,996.91, because that amount is not supported by the findings and such an award is against the manifest weight of the evidence, clear error, and contrary to law."

9

{¶43} David argues the trial court erred in awarding Edward $11,996.91 because: (1) David was acting as a trustee when he asserted control over Edward's distributive share of the trust funds and his personal property; (2) Edward did not own the assets; (3) and the amount of the award was against the manifest weight of the evidence.

{¶44} "A claimant attempting to establish the tort of conversion must demonstrate the defendant wrongfully exerted control over the claimant's personal property inconsistent with or in denial of his or her rights." *Smith v. Bridal*, 11th Dist. Trumbull No. 2009-T-0014, 2009-Ohio-6520, ¶17. The elements of conversion are: (1) the plaintiff's ownership and right to possess the property at the time of the conversion; (2) the defendant's conversion by wrongful act of plaintiff's property rights; and (3) damages. *Floch v. Davis*, 11th Dist. Trumbull No. 2013-T-0021, 2013-Ohio-4968, ¶29.

{¶45} Before addressing David's arguments, it is worth noting that, by March 2013, he had essentially completed all of his duties as trustee. He had paid himself and all of the parties' siblings, except Edward, their distributive share of the trust. He had also made several other payments determined by the magistrate to be improper. After these payments were made, only $10,500 remained in the trust. Some months after David gave his other siblings their distributive shares, he paid his attorney $2,250 in attorney fees from Edward's share, leaving only $7,744 in the trust account with which to pay his share.

{¶46} David argues that because bank accounts were maintained in the name of the trust and he made payments from those accounts as a trustee, he could not have been acting in his individual capacity and thus could not be personally liable for making

10

such payments. Not surprisingly, he does not cite any case law in support of this novel position. In fact, based on our research, the case law supports the opposite conclusion.

**{¶47}** It is well settled that a trustee may be held personally liable if he converts any part of the trust property to his own personal use. *Reinhard v. Reinhard*, 23 Ohio L. Abs 306, 310 (2d Dist.1936). Further, a trustee may be personally liable for mismanagement or misconduct in connection with a trust estate in his charge. *Judd v. City Trust & Sav. Bank*, 133 Ohio St. 81, 90 (1937). And, contrary to David's unsupported argument, a trustee may be *liable to a beneficiary* of the trust whose rights have been violated through the trustee's misfeasance, i.e., disobedience to trust directives. *Shuster v. North American Mortg. Loan Co.*, 139 Ohio St. 315, 343 (1942). Thus, the fact that David made the challenged payments from the trust accounts as a trustee is not determinative. If those payments were not directed by the trust and damaged the interests of a beneficiary, the trustee may be held to be individually liable to that beneficiary. *Id.*

**{¶48}** A trust is "'a fiduciary relationship in which one person[, i.e., the trustee,] holds a property interest, subject to an equitable obligation to keep or use that interest for the benefit of another[, i.e., the beneficiary].'" *Hill v. Irons*, 160 Ohio St. 21, 26 (1953), quoting 1 Bogert, Trusts and Trustees, Section 1. Because a trustee is both a representative and an individual, "'the capacity [in which the trustee is sued] must be clear and the distinction between the two different capacities must be maintained.'" *MacAlpin v. Van Voorhis*, 11th Dist. Lake Nos. 8-176 and 8-181, 1981 WL 3787, *3 (Sep. 28, 1981), quoting 23 Ohio Jurisprudence 2d, Fiduciaries, Section 159. Courts will find that a defendant is sued in his capacity as trustee if a complaint identifies the

11

defendant as a trustee either in the caption or in a factual allegation. *Phillips v. May*, 11th Dist. Geauga No. 2003-G-2520, 2004-Ohio-5942, ¶42. Here, David admits that he was sued only in his individual capacity. We therefore hold that David is a defendant in this action in his individual, rather than his trustee, capacity.

{¶49} David argues the trial court's finding that he paid his wife for clerical work with Edward's trust funds was against the manifest weight of the evidence. However, this finding was supported by David's testimony that he paid his wife $2,400 with trust funds, although, as noted, he said he did not know exactly how much he paid her; how many payments he gave her; or when he paid her. Nor did he testify regarding what work she allegedly performed or the hours she allegedly worked.

{¶50} Next, David argues the trial court's finding that he improperly reduced Edward's share by paying his nephew to clean the parties' mother's barn without Edward's consent was against the manifest weight of the evidence. However, in light of Edward's testimony that both David and Edward were housing cows in the barn and David's testimony that he unilaterally reduced Edward's share by some unspecified amount without Edward's consent, the trial court's finding was supported by competent, credible evidence.

{¶51} Next, David argues the trial court's finding that he admitted he paid himself a portion of Edward's trust distribution in addition to paying himself a full distributive share is not supported by competent, credible evidence. However, David admitted he paid himself more than his share. He said he also paid himself from Edward's share one-half of what he (David) thought the parties' jointly-owned property in Edward's possession was worth. While David admitted he made this overpayment to himself, he

tries to justify it by referring to it as his "efforts to reconcile differences in property distribution and allocation by valuing and paying himself for his one-half interest in property possessed by plaintiff." However, David had no right to so enrich himself at Edward's expense by making this unilateral decision, *especially in light of the parties' disagreement as to what property was jointly owned by them and Edward's demand for his full share.* Thus, the trial court's finding regarding David's improper overpayment to himself was supported by competent, credible evidence.

**{¶52}** David also argues the trial court's finding that he admitted using Edward's share to defend this action, although it was against David personally, and that David wrongfully converted $2,250 for attorney fees was against the manifest weight of the evidence. In support, David argues the trust authorized the trustee to defend claims against the trust. However, David concedes this was not an action against the trustee or the trust; rather, it was a suit against David in his individual capacity. Further, David argues that he made this payment as a trustee and not as an individual and that, since Edward was a mere trust beneficiary, he did not own that money and had no standing to maintain a conversion action against David personally. However, again, David does not support these arguments by reference to any case law and, in fact, the case law cited above defeats them. The trial court's finding in this regard was supported by the record.

**{¶53}** Finally, David argues the damages awarded by the court are against the manifest weight of the evidence. However, David failed to raise this issue in his objections to the magistrate's decision and it is therefore waived on appeal. Moreover, we do not discern plain error. The magistrate found that Edward was entitled to a distributive share in the amount of $26,119 and that the only legally supportable

13

deduction from this amount was $2,800, the amount of a debt that Edward owed his mother. In addition, the magistrate found that Edward was entitled to an additional $780, based on David's conversion of specific items of tangible property. Thus, the record supported an award well in excess of the $11,996 awarded by the court. Further, as demonstrated above, the record supports the judgment amount ($26,119 - $2,800 - $7,774 - $3,800 = $11,745). Thus, the award was supported by competent, credible evidence.

{¶54} Dave's second assignment of error is overruled.

{¶55} In his third and final assignment of error, David alleges:

{¶56} "The trial court committed prejudicial error in finding that $7,774.15 held by the defendant as trustee, is plaintiff's property."

{¶57} The court found that "the $7,774.15 held by Defendant in the trust bank account is Plaintiff's property." David challenges this finding, relying on the trial court's finding that because he was not sued in his trustee capacity, the court could not determine the manner in which assets of the trust may be distributed or order the trustee to perform certain acts. However, David ignores the following additional findings of the court in its judgment ruling on the parties' objections:

{¶58} * * * The Magistrate's Decision indicates which items are assets of the Trust res or are to be distributed as set forth in the Trust. However, the Magistrate's Decision does not order the distribution of said assets due to the Court's lack of jurisdiction to do so. In order for the trust assets to be distributed as such, or in order to compel other disposition of Trust assets, a separate action must be brought against David Spencer as Trustee.

{¶59} * * *

{¶60} * * * While the Magistrate ordered in the Decision that "the $7,774.15 held by Defendant in the trust bank account is plaintiff's

14

property," the Magistrate did not grant judgment to Plaintiff for that amount or order the release of said funds from the Trust inasmuch as the Defendant as Trustee had not been joined in the case, and therefore the Magistrate lacked jurisdiction to order said judgment.

{¶61} In any event, David admitted below that Edward was entitled to $26,119 from their mother's estate. He also admitted that he had already paid himself and the other siblings their distributive share and that the only sibling he had not paid was Edward. David conceded that he would have paid Edward the $10,500 balance that remained in the trust account after he distributed the shares to the other siblings if Edward had agreed to accept that amount as his full distributive share. However, Edward was not required to accept less than his share. Thus, even if Edward refused to accept $10,500 as the entire amount owed to him, there was no legally sound reason for David's refusal to pay Edward at least the $10,500 remaining at that time. Instead, as the magistrate found, David improperly paid his attorney using Edward's funds, which further reduced the balance in the account available to Edward to $7,774.15.

{¶62} We therefore hold that the trial court's finding that the $7,774.15 held by David in the trust bank account is Edward's property is supported by the record.

{¶63} David's third assignment of error is overruled.

{¶64} Turning now to Edward's cross-appeal, he alleges for his first cross-assignment of error, as follows:

{¶65} "The trial court committed prejudicial error in denying Cross-Appellant's Motion for a Directed Verdict relative to Cross-Appellee's waiver of all Defenses for failure to raise any Defenses in his Answer."

{¶66} Edward argues that because David did not assert the affirmative defense of Edward's failure to join an indispensable party, i.e., David in his trustee capacity,

15

David waived that defense and Edward was entitled to a directed verdict. We do not agree.

{¶67} The trial court, in its judgment overruling the parties' objections, stated that, while Edward's failure to sue David in his trustee capacity may have waived the defense of failure to join an indispensable party, said waiver did not bestow jurisdiction on the court over the remaining assets in the trust res, to render judgment against David as trustee, or to compel him to perform particular acts. However, the court found that the magistrate correctly limited its ruling to simply determine which items are assets of the trust res or are to be distributed as set forth in the trust. The court found that, in order for Edward to obtain an order of distribution regarding the $7,774.15 in the trust account, he was required to file a separate action for this purpose against David as trustee. Edward does not cite any case law holding that a defendant's waiver of the defense of failing to join a party confers jurisdiction in the court over that party. We therefore hold the trial court did not err in denying Edward's motion for a directed verdict.

{¶68} Edward's first cross-assignment of error is overruled.

{¶69} For his second and last cross-assignment of error, Edward contends:

{¶70} "The trial court committed prejudicial error in awarding Cross-Appellant an amount less than $26,118.56 for Cross-Appellee's wrongful conversion of Cross-Appellant's funds."

{¶71} Edward argues the trial court's decision to award him less than the amount demanded in the complaint was against the manifest weight of the evidence.

16

{¶72} In Edward's objections to the magistrate's decision, he was confused as to the amount of the court's judgment. He stated in his objections: "Unless Plaintiff is reading the Magistrate's findings incorrectly, the total judgment is $19,771.06 [i.e., 11,996.91 + $7,444.15]. Should this not be the judgment amount in Plaintiff's favor, Plaintiff objects on the further basis of the monetary amount of the judgment." Thus, Edward's objection was, at best, merely conditional.

{¶73} The trial court entered judgment in the amount of $11,996.91. The judgment regarding Edward's ownership of the $7444.15 was declaratory only, not a monetary judgment against David. Thus, the judgment was for less than $19,771. However, even if Edward's conditional objection qualified as an objection under Civ.R. 53, which is highly conjectural, he failed to present any specific argument in support of this objection. Civ.R. 53(D)(3)(b)(ii) provides: "An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." Since Edward did not state with particularity any grounds for his conditional objection to the amount of the money judgment, any objection as to this component of the judgment is waived on appeal, including his argument that the amount of the judgment is against the manifest weight of the evidence. Moreover, Edward does not allege plain error and we do not discern any such error. In any event, as demonstrated above, the court's money judgment was supported by competent, credible evidence.

{¶74} Edward's second assignment of error is overruled.

{¶75} For the reasons stated in this opinion, the assignments of error and cross-assignments of error lack merit and are overruled. It is the order and judgment of this court that the judgment of the Portage County Court of Common Pleas is affirmed.

17

THOMAS R. WRIGHT, P.J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.

_____

DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.

{¶76} While I concur with the judgment of this court affirming the trial court's rulings, I write separately to strongly highlight the fact that David Spencer's actions in this matter were improper and unacceptable for a trustee.

{¶77} As an initial matter, although it is somewhat deemphasized by the majority, the disputes between the brothers, especially in relation to their personal property, were petty and primarily over insignificant amounts of money. However, David in particular elevated these small disputes into major problems when he chose to make significant decisions disposing of, frivolously spending, and otherwise being careless with the money contained in the trust.

{¶78} The outrageous nature of David's conduct is evident from the actions he took to dissipate the assets of the trust. Rather than maintaining the money in order to provide Edward with a fair share of his mother's estate, David used trust assets to: compensate his wife for "clerical work," while failing to provide any evidence that such work was performed; pay himself a portion of Edward's share; charge Edward for housing cows in their mother's barn without any agreement to do so; and pay his attorney's fees although he had been sued only in his individual capacity. David also destroyed or otherwise disposed of multiple pieces of property that belonged to Edward and distributed assets to other siblings while refusing to do so for Edward. A trustee

18

has "a fiduciary duty [to a beneficiary which] arises from a *relationship* 'in which special confidence and trust is reposed in the integrity and fidelity of another * * *.'" *Hurst v. Ent. Title Agency, Inc.*, 157 Ohio App.3d 133, 2004-Ohio-2307, 809 N.E.2d 689, ¶ 41, fn. 3 (11th Dist.), citing *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.*, 67 Ohio St.3d 274, 282, 617 N.E.2d 1075 (1993). Thus, trustees owe crucial duties to the beneficiaries of a trust, which include the duty "to be loyal" to the beneficiaries, "keep trust property separate and not commingle it with" the trustee's personal property, and to pay the beneficiaries "at reasonable intervals." *Homer v. Wullenweber*, 89 Ohio App. 255, 259, 101 N.E.2d 229 (1st Dist.1951). It is more than evident that David did not take the obligation and duty to adequately disperse his mother's property to his brother seriously or do so with the care deserved and required when carrying out her wishes.

{¶79} With this extreme and contemptible conduct in mind, it is a well-established principle of law in this state that Edward was required to bring a lawsuit against David as the trustee, not as an individual, in order to recover funds directly from the trust. *See Phillips v. May*, 11th Dist. Geauga No. 2003-G-2520, 2004-Ohio-5942, ¶ 42.

{¶80} Edward's argument that a directed verdict should have been granted, awarding him funds within the trust, because David failed to raise the defense that an indispensable party was not joined, lacks merit since this failure does not remediate the trial court's lack of jurisdiction over David as a trustee. The law is clear that a "trial court is without jurisdiction to render judgment or to make findings against a person who was not served summons, did not appear, and was not a party in the court proceedings."

19

*State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 553 N.E.2d 650 (1990), paragraph one of the syllabus. Edward failed to bring David as trustee before the court in these proceedings. Even where a defendant does not assert the defense of failure to join a party, this does not waive the jurisdictional defects relating to the plaintiff's initial failure to join that party. *Young v. Wells*, 4th Dist. Gallia Nos. 06CA6 and 06CA7, 2007-Ohio-4568, ¶ 18.

{¶81} Thus, while it is extremely unfortunate for Edward that the trust assets cannot be used to compensate him for David's highly improper actions in this particular case, it is necessary for this court to accurately apply the law. As noted by the trial court, Edward is still able to recover the assets of the trust, which it has found he is entitled to, by filing a separate action against David as a trustee.

{¶82} For the foregoing reasons, and based on the law requiring a plaintiff to file suit against the proper parties, I concur in judgment only.